**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 99-6772

AARON W. BAITY,

Petitioner - Appellant,

versus

NORTH CAROLINA ATTORNEY GENERAL; STATE OF
NORTH CAROLINA,

Respondents - Appellees.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Paul Trevor Sharp, Magistrate Judge. (CA-98-1045-1)

Submitted: October 21, 1999        Decided: October 27, 1999

Before WIDENER and TRAXLER, Circuit Judges, and BUTZNER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Aaron W. Baity, Appellant Pro Se. Clarence Joe DelForge, III, OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Aaron W. Baity seeks to appeal the magistrate judge's[1] orders denying his 28 U.S.C.A. § 2254 (West 1994 & Supp. 1999) petition and his Fed. R. Civ. P. 60(b) motion for reconsideration. As an initial matter, we dismiss the appeal of Baity's § 2254 petition for lack of jurisdiction because Baity's notice of appeal was not timely filed.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(b)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on April 14, 1999. Baity's notice of appeal was filed on May 29.[2] Because Baity failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal.

---

[1] The parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636 (1994).

[2] For the purposes of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

Regarding Baity's appeal from the denial of his motion for reconsideration, we have reviewed the record and the magistrate judge's opinion and find no reversible error.  Accordingly, we deny a certificate of appealability and dismiss on the reasoning of the magistrate judge.  See Baity v. North Carolina Attorney Gen., No. CA-98-1045-1 (M.D.N.C. Apr. 14 & May 20, 1999).[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[3] Although the district court's order is marked as "filed" on April 13, 1999, the district court's records show that it was entered on the docket sheet on April 14, 1999.  Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was physically entered on the docket sheet that we take as the effective date of the district court's decision. Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).